UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 07-61158-CIV-MARRA/JOHNSON

V & G YACHTWORKS, INC.,
a Florida corporation,

    Plaintiffs,
vs.

M/V KENO, a 1999 53' Gulf Craft,
her engines, tackle, apparel and other
appurtenances, *in rem*,

    Defendant.
_____/

**OPINION AND ORDER**

This cause is before the Court upon Plaintiff's Request for Confirmation of Sale [DE 23]; Motions for Leave to File Amended Complaint on behalf of Intervenors High Seas Yacht Services, Inc., Anchor's of America, Inc. and CSN Custom Upholstery, Inc. (collectively, "Intervenors") [DE 30, 31, 32] and Plaintiff's Motion to Strike [DE 39]. The Court held oral argument on the motions to confirm the sale and to amend Intervenors' complaint on March 27, 2008. Intervenors thereafter submitted a memorandum of law [DE 38] for the Court's consideration. The Court has carefully considered all the arguments of the parties and is otherwise fully advised in the premises.

A brief discussion of the procedural history is necessary. On August 15, 2007, Plaintiff filed a verified Complaint against the vessel M/V Keno, *in rem*, and Nathan Orms, *in personam* [DE 1]. The vessel was subsequently arrested and Plaintiff was appointed substitute custodian [DE 6]. On September 20, 2007, Plaintiff filed proof of publication [DE 9]. On October 2, 2007, Intervenors filed motions to intervene, which the Court granted on October 16, 2007,

without opposition [DE 15]. Intervenors' complaint did not seek an *in rem* remedy nor arrest of the vessel. Instead, the complaint alleged state law causes of action against the agent of the vessel's owner.

Next, upon Plaintiff's motion, entry of default against the defendant vessel was entered on November 1, 2007 [DE 16]. Subsequently, on December 11, 2007, Plaintiff moved for both default judgment against the defendant vessel and for an order of sale [DE 17]. Intervenors did not object to Plaintiff's application. The Court granted Plaintiff's motion, awarding Plaintiff a judgment in the amount of $46,094.76 and ordering sale of the vessel by the United States Marshal [DE 18 and 19].[1] Plaintiff filed service of publication of the notice of the sale on February 19, 2008 [DE 20].

Soon thereafter, on February 26, 2008, the Court issued an order to show cause why service of Intervenors' complaint had not been perfected [DE 21]. That same day, Plaintiff moved for confirmation of the sale [DE 26]. Intervenors then filed "Objection to Motion for Confirmation of Sale by V & G Yacht Works, Inc. and Intervenors Motion for Enlargement of Time for Confirmation of Sale" [DE 25], which sought amendment of Intervenors' complaint to add an *in rem* count against the defendant vessel. Intervenors also requested that confirmation of the sale be delayed until Intervenors "can obtain warrants for sale *in rem* to share in the sale of the vessel." Additionally, Intervenors filed a response to the order to show cause, which stated that they did not receive notice of the Marshal's sale of the vessel until after it occurred [DE 29].

---

[1] Additionally, the Court ordered Plaintiff to serve the *in personam* defendant, Orms. Plaintiff did not serve Orms and thus, on February 26, 2008, the Court dismissed Orms from this action [DE 22].

Lastly, Intervenors filed a motion to amend their complaint to include an *in rem* count against the defendant vessel [DE 30]. The Amended Complaint brings claims *in rem* against the defendant vessel and Nathan Orms, the *in personam* defendant who was previously dismissed from Plaintiff's action.[2]

In response to Intervenors' submissions, Plaintiff states that Intervenors have failed to comply with Local Admiralty Rules E(2)(a) and E(5)(a)(1) requiring service of a supplemental warrant of arrest on the *in rem* defendant vessel by an intervenor, as well as a stipulation for allocation of payment of the Marshal's fees and expenses [DE 26].  Furthermore, Plaintiff asserts that Local Admiralty Rule E(17)(g) requires that objections to sale must occur three business days from the date of the sale and cannot be considered unless the objector provides the U.S. Marshal with a deposit for the cost of keeping the property for at least seven days from the date of the objection.  Plaintiff notes that Intervenors filed an objection almost a month late and failed to provide a deposit.  In opposing Intervenors' motion to amend the complaint, Plaintiff states that Intervenors have failed to plead good cause for setting aside the sale of the vessel or for failure to serve the original complaint [DE 36]. Lastly, Plaintiff notes that Local Admiralty Rule E(18) prohibits post-sale claims by lienors not asserting a claim for seamen's wages.[3]

Finally, Intervenors submitted a memorandum of law relying on <u>Isbrandtsen Marine Services, Inc. v. M/V Inagua Tania</u>, 93 F.3d 728 (11th Cir. 1996) for support of their position that "Intervenors should be allowed to amend their intervention complaint to correct any deficiencies

---

[2] Review of the Amended Complaint shows that Intervenors are no longer pursuing claims against the agent of the vessel's owner.

[3] Intervenors do not challenge Plaintiff's references to the Local Admiralty Rules and do not challenge Plaintiff's assertion that Intervenors failed to comply with those rules.

under local rules" and that Intervenors "were entitled to actual notice of the sale." [DE 38] Isbrandtsen concerned vessel crew members who sought intervention on the date of the sale of an arrested vessel.  The crew members also moved to set aside the sale of the vessel and for permission to file as priority creditors.  Id. at 732.  They argued that they had not been given proper notice of the sale and did not learn about it until two days prior to the sale.  Id.  In their application, the crew members stated that they had not been paid since the date of the vessel's arrest and that, as foreign subjects, they did not have the financial means to get themselves home or to maintain themselves. Id.  The district court had rejected the crew members' application for intervention based on their failure to file intervening complaints as required by the local rules. Id. at 731.  In addition, the district court relied on a local admiralty rule that did not permit automatic intervention within fifteen days of the date of the sale.  Id.  Finally, the district court found that intervention at such a late date would be inequitable.  Id.  at 732.

The Eleventh Circuit acknowledged that under the local rules, the crew's application for intervention was untimely, thus stripping them of their right to automatic intervention. Id. at 733.  But the Court also acknowledged that the district court could have permitted intervention under its equitable powers.  Id.   Under that power, the Eleventh Circuit held that the district court ought to have protected the rights of seaman who are "wards of admiralty whose rights federal courts are duty-bound to jealously protect," id. quoting Bass v. Phoenix Seadrill/78 Ltd., 749 F.2d 1154, 1160-61 (5th Cir. 1985), and who are "often ignorant and helpless, and so in need of protection against himself as well as others."  Id. quoting Warner v. Goltra, 293 U.S. 155, 162 (1934).  Thus, the Eleventh Circuit's ruling turned on the special rights that crew members have

as well as the federal court's unique responsibility to protect their rights. [4]

Clearly, Isbrandtsen is inapposite to the facts of the instant case.  Here, Intervenors are corporations that allegedly provided parts and services to the defendant vessel as opposed to vulnerable crew members in need of federal court protection.  Furthermore, Intervenors sought intervention a little over a month after the action was instituted, which this Court granted.  In other words, there was no issue concerning their right to intervene in this action, the pivotal issue in Isbrandtsen.  Moreover, unlike the crew members in Isbrandtsen who sought to place a maritime lien against the *in rem* vessel, Intervenors' original complaint did not allege any causes of action against the defendant vessel.  Nor does this case call out for the Court to exercise its equitable powers.  Intervenors sat on their rights by failing to serve their complaint. Indeed, this Court was forced to issue an order to show cause to establish the status of Intervenors' prosecution.  It was only at that point that Intervenors sought to prevent the confirmation of the sale and to amend their complaint to include a claim against the defendant vessel.  See Jones v. United States, 304 F.3d 1035, 1045 (11th Cir. 2002) (equity is not intended for those who sleep on their rights); Covey v. Arkansas River Co., 865 F.2d 660, 662 (5th Cir. 1989) (same).

Nonetheless, Intervenors contend that Isbrandtsen entitles them to notice of the sale of the vessel, pointing to "footnote eight" in support.   Putting aside that the Court is unable to find "footnote eight," there is no language in Isbrandtsen addressing the proper form of notice for sale of a vessel.  Nor does it follow that Isbrandtsen supports granting leave to Intervenors to "amend their intervention complaint to correct any deficiencies under local rules."  Although Isbrandtsen

---

[4] Local Admiralty Rule E(18), which provides for post-sale claims by seamen exclusively, is consistent with this holding.

held that the district court ought to have allowed the crew members to amend their complaint prior to dismissing it for lack of jurisdiction, that ruling was grounded on the need for vulnerable crew members to have a remedy against the only asset available to them, i.e., the vessel.  Here, the corporate Intervenors alleged state law claims against an *in personam* defendant as evidenced by their original complaint.

With respect to notice of the sale, Intervenors are unable to point to any Local Admiralty Rules that require a party involved in an admiralty proceeding who has not asserted an *in rem* claim against a defendant vessel to receive notice of the sale.[5]  Until a party asserts an *in rem* claim against the defendant vessel, that party has no interest in the vessel for which notice would be required.  In any event, Intervenors received notice via the Court's electronic filing system that the Court had ordered the sale of the vessel [DE 18]. Moreover, notice of sale was published in the newspaper [DE 20].  Significantly, Intervenors never filed and served an objection upon the U.S. Marshal and Plaintiff within three days following the sale as required under Local Admiralty Rule E(g)(1).

Finally, the Court strongly disagrees with Intervenors' contention that amendment of Intervenors' complaint would not prejudice Plaintiff. Indeed, any delay in confirming the sale will serve to increase the costs of maintaining the vessel and Plaintiff should not be penalized for Intervenors' failure to prosecute its case in a timely and proper fashion.

---

[5] Intervenors cite to Local Admiralty Rule E(17)(h) and (g).  The Court, however, is unable to ascertain how these provisions assist them. Neither provision provides for notice nor for an extension of time to file objections under the circumstances of this case.  Even assuming Intervenors are correct that late objections should be considered upon a showing of good cause, the record does not support a finding of good cause.

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1) Plaintiff's Request for Confirmation of Sale [DE 23] is **GRANTED**. The Clerk of the Court is ordered to enter a confirmation of sale and to transmit the confirmation to the United States Marshal for processing and issuance of a Marshal's Bill of Sale to Plaintiff.

2) The Motions for Leave to File Amended Complaint on behalf of Intervenors [DE 30, 31, 32] are **DENIED IN PART AND GRANTED IN PART**. Intervenors may not amend the complaint to assert *in rem* claims against the defendant vessel. Should they choose to pursue claims against the *in personam* defendant, leave to amend is granted.

3) Plaintiff's Motion to Strike [DE 39] is **DENIED AS MOOT**.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 3rd day of April, 2008.

_____
KENNETH A. MARRA
United States District Judge

copies to:

All counsel of record